IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DEWAYNE BEARDEN,<br><br>       Plaintiff,<br><br>  v.<br><br>CHIEF MEDICAL OFFICER LEE,<br><br>       Defendant.<br>_____ | No. C 05-1427 MMC (PR)<br><br>**ORDER DIRECTING DEFENDANT TO COMPLY WITH JUNE 8, 2005 ORDER; DENYING APPOINTMENT OF COUNSEL**<br><br>(Docket No. 12) |

    Plaintiff, proceeding pro se and currently incarcerated in a California prison, filed the above-titled civil rights action under 42 U.S.C. § 1983 against defendant, a prison doctor, for allegedly providing inadequate medical care. By order filed June 8, 2005, the Court found plaintiff's claim cognizable, and ordered the complaint served on defendant. The Court further ordered defendant to file a dispositive motion or, alternatively, to notify the Court that he was of the opinion that the case could not be resolved by a dispositive motion, such motion or notification to be filed no later than 60 days thereafter. Contrary to the Court's order, however, defendant has filed neither a dispositive motion nor the alternative notification.

    Accordingly, within **10 days** of the date this order is filed, defendant shall comply with the Court's order of June 8, 2005, which compliance may include a request for an extension of time as provided therein. Additionally, within **10 days** of the date this order is filed, defendant shall show cause for defendant's failure to comply with said order in a timely manner.

    Plaintiff has filed a request for appointment of counsel. There is no constitutional right

to counsel in a civil case such as this.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  To date, plaintiff has been able to present his claims, which do not appear to be particularly complex, in an adequate manner, and there are no exceptional circumstances warranting appointment of counsel at this time.  Should the circumstances of the case materially change, the Court may reconsider plaintiff's request *sua sponte.*

Accordingly, plaintiff's motion for appointment of counsel is DENIED.

This order terminates Docket No. 12.

IT IS SO ORDERED.

DATED: October 14, 2005

_____
MAXINE M. CHESNEY
United States District Judge